**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10323

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ANTHONY MOBLEY,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:13-cr-00101-WTM-CLR-1

_____

Before ROSENBAUM, ABUDU, and TJOFLAT, Circuit Judges.

PER CURIAM:

In January 2023, the District Court revoked Anthony Mobley's supervised release and sentence him to 37 months in prison, followed by no additional term of supervised release.

Mobley appealed the revocation of his supervised release, arguing that his lawyer's refusal to call a witness at his revocation hearing constituted a violation of his Sixth Amendment right to effective assistance of counsel. While his appeal was pending, Mobley was released from Federal Bureau of Prisons custody because he completed his sentence. The Government moved to dismiss the appeal as moot, and Mobley did not respond to that motion.

"A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Pac. Ins. Co. v. Gen. Dev. Corp.*, 28 F.3d 1093, 1096 (11th Cir. 1994). "[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." *Church of Scientology of California v. United States*, 506 U.S. 9, 12, 113 S. Ct. 447, 449 (1992) (internal quotation marks omitted).

Incarcerated people and those serving terms of supervised release can always satisfy the case-or-controversy requirement to challenge their convictions or supervised release revocations because those ongoing limitations on their liberty constitute concrete injuries. *See Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 983 (1998). "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.* While we will presume that a wrongful criminal conviction has continuing collateral consequences, we do not make such a presumption about the

wrongful revocation of supervised release. *See id.* at 14, 118 S. Ct. at 986. Thus, in order to maintain this appeal, Mobley must affirmatively show that he faces collateral consequences because of his supervised release revocation. *Id.* Since Mobley made no response to the Government's mootness argument, we cannot find that he will suffer continuing collateral consequences as a result of his supervised release revocation.

It would be impossible for us to grant Mobley effectual relief, so we must dismiss his appeal as moot.

**DISMISSED.**